UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL SAMUELS,<br><br>   Plaintiff,<br><br>v.<br><br>M. LIZARRAGA,<br><br>   Defendant. | Case No.: 20cv1051-MDD-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>[ECF No. 12] |

Robert Earl Samuels ("Plaintiff"), a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983, moves to compel M. Lizarraga ("Defendant") to produce documents responsive to his requests for production of documents, set one, numbers one and two.  (ECF No. 12).  Defendant filed a response in opposition.  (ECF No. 14).  For the reasons stated below, the Court **DENIES** Plaintiff's motion.

## I.   BACKGROUND

On June 8, 2020, Plaintiff initiated this action by filing a Complaint against Defendant.  (ECF No. 1, hereinafter "Compl.").  Plaintiff alleges that on June 30, 2018, Defendant told him that an unnamed inmate was being assigned to be housed in Plaintiff's cell.  (*Id.* at 8).  A third inmate, Robinson, was present for the conversation, and "[a]fter the defendant finished

1

speaking [Robinson] informed plaintiff in defendant's presence that the unnamed inmate was a CRIP that multiple other crips had refused to be housed with." (*Id.*).  "CRIPs are a street gang and prison gang with a history of violence and rape in prison." (*Id.* at 9).  Robinson explained "that the reason no one would be housed with the other inmate was he was 'not compatible with anyone and would be a problem.'" (*Id.* at 8).  A declaration from Robinson is attached to Plaintiff's Complaint and further explains that Plaintiff "asked [Defendant whether] the person [was] gang affiliated?  [Defendant] told [Plaintiff] yes.  [Plaintiff] asked could he be moved with a nonaffiliated inmate in another building.  [Defendant] refused and told [Plaintiff] he was getting the cell mate [Defendant] had chosen for him." (*Id.* at 11; *see also id.* at 8 ("Plaintiff then expressed his safety concerns with defendant Lizarraga about being housed with an inmate with such a reputation amongst his peers and asked to be housed with a different inmate.  The defendant refused.")).

     After their conversation ended, Defendant "call[ed] another CRIP inmate," Isaac Scott, "who had nothing to do with the situation . . . and [Defendant] informed him of what happened with the plaintiff." (*Id.* at 8).  Defendant said that Scott should "'holler at'" Plaintiff, and explained that he "knew plaintiff was a crip while other inmates were close enough to hear what had been said." (*Id.*).  According to a declaration from Scott, attached to the Complaint, "[t]he word 'holler' has many meanings and is used loosely in prison.  It can mean anything from formally speaking to a person or battering him.  [Defendant] didn't specify what he meant or his intentions." (*Id.* at 16).  In response, "Scott informed [Defendant] that he was not aware plaintiff was a crip," and later told Plaintiff about the conversation.  (*Id.* at 8).

     "For months following this day [P]laintiff was harassed by inmates

about being a gang member based on a continuous rumor that [D]efendant started and kept alive." (*Id.*). In November 2018, Plaintiff was assaulted by "multiple CRIP inmates . . . ," and suffered "a broken hand, multiple cuts, [] multiple bruises, two black eyes and a bloody nose." (*Id.* at 8-9). Plaintiff attached to his Complaint a declaration from one of the inmates involved in the assault, Tevan Love, who stated that on November 27, 2018 he "walked up on a group talking about an inmate who was a drop out" gang member. (*Id.* at 18). Love "heard this rumor a few times from different people . . . but never knew who the inmate was." (*Id.*). "[A]llegedly someone had been sharing this information directly from a[] [correctional] officer in 5 block." (*Id.*). "[W]hen Samuels #F61946 walked by he was identified right then as the drop out, and [Love] jumped him." (*Id.*). After the assault, "[P]laintiff was placed in the hole,[]while the inmates who assaulted him were left in general population." (*Id.* at 8).

Plaintiff contends that Defendant's actions violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at 3).

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response

must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). A party propounding discovery may seek an order compelling disclosure when the opposing party fails to respond, or contains unfounded objections, to discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

### III.   DISCUSSION

Plaintiff requested Defendant produce Defendant's disciplinary history and a list of Plaintiff's cellmates and their gang affiliations. (ECF No. 14-1 at 4-5). Defendant objected to both requests as overbroad, irrelevant, and privileged. (ECF No. 14 at 3, 5). Defendant avers that "he has no disciplinary records to produce." (*Id.* at 4) (emphasis omitted). The Court cannot compel Defendant to produce documents that do not exist, or that are not in Defendant's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1). With respect to his second request, Plaintiff's cellmates' gang affiliations are not relevant to Defendant's actions or Plaintiff's claim under the Eighth Amendment.

//
//
//
//

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion to compel.

**IT IS SO ORDERED**.

Dated: January 25, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge