1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL SAMUELS,<br><br>                              Plaintiff,<br><br>v.<br><br>M. LIZARRAGA,<br><br>                              Defendant. | Case No.:  20cv1051-MDD-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[ECF No. 22] |

Robert Earl Samuels ("Plaintiff"), a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983, filed a motion for reconsideration of the Court's January 25, 2021 Order denying Plaintiff's motion to compel M. Lizarraga ("Defendant") to produce documents responsive to his requests for production of documents, set one, numbers one and two.[1]  (ECF No. 15).  As it relates to the instant motion, the Court declined to compel Defendant to produce a list of Plaintiff's cellmates and

---

[1] Plaintiff brought the motion as an objection to a Magistrate Judge's Order pursuant to Federal Rule of Civil Procedure 72.  (ECF No. 22 at 1).  However, Rule 72 does not apply to a Magistrate Judge's Order when the parties have consented to that Judge's jurisdiction for purposes of trial and settlement.  As such, the Court construes Plaintiff's motion as a motion for reconsideration.

their gang affiliations because it is irrelevant.  (ECF No. 22).  For the reasons set forth herein, the Court **DENIES** Plaintiff's motion.

## I.      LEGAL STANDARD

A motion for reconsideration may be brough under Federal Rule of Civil Procedure 59(e) or 60(b).  A motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment or the ruling; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order.  *Am. Ironworks & Erectors, Inc. v. N. Am. Construction Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (finding that a motion for reconsideration is treated as a motion under Rule 59(e) if it is timely filed under that rule and as a motion under Rule 60(b) otherwise). Here, the Order referenced was filed on January 25, 2021 and the instant motion was constructively filed on February 9, 2021.  (ECF Nos. 15, 22). Accordingly, Plaintiff's motion is properly brought under Rule 59(e).  *See Am. Ironworks & Erectors, Inc.*, 248 F.3d at 898-99.

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a previous ruling or entry of judgment.  Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."  *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted).

## II.      DISCUSSION

Plaintiff argues reconsideration is warranted because the Court's finding that Plaintiff's cellmates' gang affiliations is irrelevant is "clearly erroneous or contrary to law."  (ECF No. 22 at 1).  Specifically, Plaintiff avers

that Defendant falsely asserted that Plaintiff was a Crip and only lived with Crips. (*Id.* at 2). Plaintiff claims he is not a Crip and "has celled with people of any affiliation." (*Id.* at 2-3). As a result, Plaintiff contends that information regarding his cellmates' gang affiliations is relevant to "proving the Defendant's pattern of dishonesty." (*Id.*).

This case is not proceeding on claims that Plaintiff only celled with inmates affiliated with particular gangs or that Plaintiff celled with inmates affiliated with several gangs. Rather, this case is proceeding on a claim that Defendant erroneously told other inmates that Plaintiff was a Crip, which led to multiple Crip members assaulting Plaintiff. (*See* ECF No. 1). The fact that Plaintiff has celled with inmates affiliated with different gangs does not relate to his claim that he was assaulted by Crip members because Defendant falsely told inmates Plaintiff was claiming to be a Crip. Accordingly, the Court finds that Plaintiff has not shown the Court clearly erred or made a decision that was manifestly unjust.

## III.   **CONCLUSION**

Based on the foregoing, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

Dated:   February 19, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge

20cv1051-MDD-KSC