UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL SAMUELS,<br><br>Plaintiff,<br><br>v.<br><br>M. LIZARRAGA,<br><br>Defendant. | Case No.: 20cv1051-MDD-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[ECF No. 25] |

Robert Earl Samuels ("Plaintiff"), a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983, filed a motion for reconsideration of the Court's February 10, 2021 Order denying Plaintiff's motion to continue the discovery completion deadline.[1] (ECF No. 15). Plaintiff asked for additional time due to Defendant M. Lizarraga's objections and claims of privilege in response to Plaintiff's discovery requests. (ECF No. 19). Plaintiff concluded that "[a]ll of this is complicated by Covid-19 and the

---

[1] Plaintiff brought the motion as an objection to a Magistrate Judge's Order pursuant to Federal Rule of Civil Procedure 72. (ECF No. 25). However, Rule 72 does not apply to a Magistrate Judge's Order when the parties have consented to that Judge's jurisdiction for purposes of trial and settlement. As such, the Court construes Plaintiff's motion as a motion for reconsideration.

restrictions on law library access." (*Id.* at 2).  The Court denied the motion, explaining that "[t]he fact that Plaintiff has not received responses without objection or claims of privilege does not constitute good cause" to extend the discovery completion deadline.  (ECF No. 20 at 2).  Plaintiff now moves for reconsideration because the Court did not specifically address Covid-19 and law library restrictions.  (ECF No. 25).

A motion for reconsideration may be brough under Federal Rule of Civil Procedure 59(e) or 60(b).  A motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment or the ruling; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order.  *Am. Ironworks & Erectors, Inc. v. N. Am. Construction Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (finding that a motion for reconsideration is treated as a motion under Rule 59(e) if it is timely filed under that rule and as a motion under Rule 60(b) otherwise).  Here, the Order referenced was filed on February 10, 2021 and the instant motion was constructively filed on February 21, 2021.  (ECF Nos. 20, 25).  Accordingly, Plaintiff's motion is properly brought under Rule 59(e).  *See Am. Ironworks & Erectors, Inc.*, 248 F.3d at 898-99.

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a previous ruling or entry of judgment.  Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted).

Plaintiff argues the Court clearly erred by not addressing the fact that

his discovery attempts are "complicated by Covid-19 and the restrictions on law library access." (ECF Nos. 19 at 2, 25). Plaintiff further explains that Covid-19 has "unpredictable effects" on his access to the law library. (ECF No. 25 at 1). However, Plaintiff has not presented evidence that Covid-19 has impacted his ability to propound evidence or that he has been denied access to the law library. Merely stating that Covid-19 has "unpredictable effects" on his access is insufficient to show good cause to extend the discovery deadline, and therefore, insufficient to show clear error. (*See* ECF No. 25 at 1). Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

Dated:   February 25, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge